**Opinion issued January 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00121-CV

———————————

**RICHARD FAWCETT, KEVIN ROBERTS, DARRIN PITTS, GEORGE LILLARD, CHRISTOPHER MATTHEWS, ARMANDO FLORIDO, BILLY MORENO, DAVID VUKOVIC, KEN KIRKPATRICK, JAMES LEMONS, DOUGLAS HISSONG AND SALOMON LAHANA, Appellants**

**V.**

**ROBERT J. ROGERS, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-51782**

---

## CONCURRING AND DISSENTING OPINION

I concur in the portion of the judgment of this Court affirming the trial

court's order denying the motion of appellants, Richard Fawcett, Kevin Roberts,

Darrin Pitts, Christopher Matthews, Armando Florido, Billy Moreno, David Vukovic, Ken Kirkpatrick, James Lemons, and Douglas Hissong (collectively, the "Signing Defendants"), to dismiss the suit of appellee, Robert J. Rogers, against them for defamation. I respectfully dissent from the portion of the judgment of this Court reversing the trial court's order denying the motion of appellants, George Lillard and Salomon Lahana, to dismiss Rogers's suit against them for defamation.

In their first issue, the Signing Defendants, Lillard, and Lahana argue that the trial court erred in denying their motion to dismiss Rogers's suit against them because his defamation claim is "based on, related to, or in response to [their] exercise of their rights of association as defined in the Texas Citizen Participation Act." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001(2), 27.001–.011 (Vernon 2015). However, Rogers's allegations that appellants falsely accused him of misappropriating funds do not at all concern their constitutional right to associate as discussed in Chapter 27 of the Texas Civil Practice and Remedies Code. *See Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 217–20 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (Jennings, J., concurring).

Here, although all of the parties were members of the Order of the Freemasons at the Gray Lodge, the complained-of acts of all of the appellants in regard to their alleged defamation of Rogers do not at all concern their constitutional rights to petition, speak freely, associate freely, "and otherwise

participate in government," i.e., engage in citizen or public participation. *See id.* Rogers's lawsuit against appellants has nothing to do with their constitutional right to engage in citizen or public participation. *See id.* And his allegation that appellants defamed him cannot in any reasonable sense be read as an attempt to strategically silence them, prevent them from engaging in citizen or public participation, prevent them from associating for such purposes, or in any other way infringe upon their constitutional rights. *See id.* Simply put, the fact that appellants, as defendants in a civil tort lawsuit, happen to be Masons, does not transform Rogers's lawsuit against them into a "strategic lawsuit against public participation."

Accordingly, I respectfully disagree with the majority's analysis of the first issue and its conclusion that the trial court erred in not dismissing Rogers's suit against Lillard and Lahana. And I agree with the majority that the trial court did not err in denying the motion of the Signing Defendants to dismiss Rogers's suit against them.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Brown.

Jennings, J., concurring in part and dissenting in part.

3